IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Duane A. Blackbird,  )<br>  )<br>   Petitioner,  )<br>  )<br>vs.  )<br>  )<br>United States of America,  )<br>  )<br>   Respondent.  )<br>_____  )<br>  )<br>United States of America,  )<br>  )<br>   Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Duane A. Blackbird,  )<br>  )<br>   Defendant.  )<br>  ) | **ORDER DENYING<br>MOTION TO VACATE**<br><br>Civil File No.  2:07-cv-15<br><br><br><br><br><br>Crim. File No. 2:03-cr-28 |

   Before the Court is a motion by Petitioner/Defendant Duane A. Blackbird to Vacate this Court's June 18, 2003 judgment (Doc. #31) pursuant to 28 U.S.C. § 2255.  A prisoner in custody may move the court that imposed the sentence to vacate, set aside, or correct that sentence on the grounds that the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  A court should liberally construe a pro se petition filed under this statute. Saunders v. United States, 236 F.3d 950, 953 (8th Cir. 2001).  Blackbird raises several theories of law upon which his motion is based, including: 1) The Court had no jurisdiction; 2) Blackbird

was denied a preliminary hearing; 3) Ineffective assistance of counsel; and 4) Illegal sentence.

A one-year period of limitation applies to motions filed under § 2255. The limitation period runs from the latest of:

> 1) the date on which the judgment of conviction becomes final;
> 2) the date on which the impediment to making a motion created by governmental action . . . is removed . . .;
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Additionally, the Court is not required to entertain an application for a writ of habeas corpus if the legality of the detention has been determined in a prior application unless a panel from the Eighth Circuit Court of appeals certifies it is appropriate. 28 U.S.C. §§ 2244(a) and 2255.

Here, Blackbird has failed to file his habeas application within the appropriate timeframe. The final judgment was filed on June 18, 2003. It does not appear there was any governmental impediment, newly discovered evidence, or recent Supreme Court decision that would extend the deadline for filing beyond June 18, 2004. 28 U.S.C. § 2255. Furthermore, this is Blackbird's second habeas application. He filed his original motion to vacate on August 19, 2004 (Doc. #21). The Court denied his motion and dismissed the case (Doc. #23) and denied Blackbird a certificate of appealability(Doc. #26). Blackbird appealed the Court's judgment, and the Eighth Circuit Court of Appeals denied Blackbird's application for a certificate of appealability and dismissed the appeal (Doc. #30).

The Court has no basis upon which to review Blackbird's § 2255 application. His motion to vacate is therefore **DENIED**, and this action is **DISMISSED** with prejudice. In addition, the

Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).  Dismissal of this motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.

**IT IS SO ORDERED.**

Dated this 9th day of October, 2007.

<u>      /s/   Ralph R. Erickson        </u>
Ralph R. Erickson, District Judge
United States District Court